SHIVERS, Chief Judge.
This appeal is from a summary denial of a petition for a writ of habeas corpus. We reverse.
Avera is an inmate in Starke. He was convicted in 1979 and sentenced to 30 years in prison. He escaped in 1981 and was convicted and sentenced for the escape in 1984. In August 1990 Avera filed a petition for a writ of habeas corpus alleging the Department of Corrections (DOC) improperly revoked 293 days of gain time earned after the 1981 escape. He states that according to DOC rules, only gain time earned before an escape can be forfeited, and he had no gain time prior to the escape. Avera also alleges that if his gain time was properly calculated he would immediately be eligible for release from prison. Avera appears to have exhausted his administrative remedies because he attached to his petition an administrative appeal to — and response from — the Secretary of the DOC. The DOC’s response was that
Florida Statute 944.28(1) states Tf a prisoner is convicted of escape ... the Department may, without notice or hearing, declare a forfeiture of all gaintime earned ... prior to such escape_’ The rules of the Department of Corrections, Chapter 33-11.11 state that the gaintime earned prior to escape or parole will be forfeited under those conditions.
The response of the DOC goes on to say that Avera therefore forfeited all gain time earned up to the 1981 escape.
The circuit court summarily denied Av-era’s petition as failing to state a cause of action on its face.
The agency and the circuit court do not address Avera’s allegation that he forfeited gain time earned between the escape and the conviction therefor. Florida Administrative Code Rule 33-11.011 states “an inmate who is convicted of escape while in the custody of the department ... shall have all gain time earned prior to the escape ... forfeited by the department without prior notice or a hearing.” (emphasis added). Avera has alleged he lost gain time earned after the escape as a result of the escape. He has therefore alleged facts *94 which, if true, would establish that the DOC failed to comply with its own rules; and the petition should not have been summarily denied. Taylor v. Barton, 556 So.2d 415 (Fla. 1st DCA 1989). We reverse and remand for an evidentiary hearing to determine whether Avera forfeited gain time earned after the escape as a result of the escape.
REVERSED and REMANDED with instructions for further proceedings.
ERVIN and WOLF, JJ., concur.