PER CURIAM.
Appellant, Henry Hamilton, appeals the trial court’s denial of his petition for writ of mandamus challenging the DOC’s awards of basic and incentive gain-time. We affirm as to appellant’s basic gain-time award, reverse as to appellant’s incentive gain-time award and remand.
Appellant, Henry Hamilton, was received by the Department of Corrections (DOC) on December 1, 1988. Two of the offenses for which appellant was convicted were of a continuing nature, the first occurring between July 1979 and June 1987, and the second between February 1983 and June 1987.
Appellant filed a petition for writ of mandamus contending first that the DOC erred in the award of basic gain-time. We do not address this question, however, as appellant has abandoned that argument on appeal. We affirm the trial court’s order to the extent that it pertains to appellant’s basic gain-time award.
Next, appellant contended that the DOC abused its discretion in the award of incentive gain-time, the maximum amount available being 37 days per month pursuant to Waldrup v. Dugger, 562 So.2d 687 (Fla.1990), and Raske v. Martinez, 876 F.2d 1496 (11th Cir.1989). Appellant argued that the DOC improperly “converted” or adjusted on a percentage basis the incentive gain-time earned under the statute declared unconstitutional in Waldrup v. Dugger. Appellant attached “Exhibit F” which explained the DOC conversion. The document provides in pertinent part:
*735 Due to the recent decision in Waldrup v. Dugger, your record of monthly gaintime awards has been adjusted to the types of gaintime that were in effect at the time of your offense. We have made the conversion of your incentive gaintime awards to that of work and/or extra gaintime, on a percentage basis (explained below). If you are serving one or more sentences, the appropriate type of gaintime will apply to each individual sentence, and your release date will be based on the overall sentence and/or the controlling sentence.
Percentage Guideline:
The number of days of the incentive gain-time award for each month is divided by 20 (which is the max of incentive allowed per month) to get the percentage earned; then the number of days in a specific month is multiplied by that percentage to convert the award to work gaintime. If you were eligible for extra gaintime, the maximum 6 days allowed is multiplied by the same percentage to calculate the appropriate award of extra gaintime.
The “conversion” increased appellant’s incentive gain-time award by 11.7 days per month over a 20 month period for an average monthly award of 29.4 days. Appellant argued that the adjusted figure falls far short of the maximum amount of 37 days available on the basis of his “outstanding” job ratings as reflected on his gain-time slips. Appellant stated that the relevant time period of the DOC’s “conversion” was December 1988 through July 1990.
The DOC’s response indicated that “pursuant to” Waldrwp and Raske, the incentive gain-time awarded to appellant was converted on a percentage basis to work and extra gain-time. This conversion covered the period December 1988 through March 1990, and resulted in 235 days of gain-time. The awards after April 1990 have been in work and extra gain-time, thereby obviating the necessity for conversion.
The DOC argued that appellant improperly claimed entitlement to the maximum award of “work” and “extra” gain-time (37 days in a month with 31 days) in each month that he received an “outstanding” rating, even though he did not receive the maximum incentive gain-time award of 20 days each month. The DOC argued that the “conversion” is a proper implementation of the decisions in Waldrup and Raske, and that these decisions merely hold that the DOC is to apply the law in place when appellant committed the offense controlling his release. The applicable law did not require that an inmate rated above satisfactory or outstanding receive 37 days of basic gain-time per month. See § 944.275(2)(b), (3)(a), Fla.Stat. (1979). Rather, the statute authorized an award of up to 1 day for each day worked and an extra one to 6 days when an inmate diligently participates in an approved course of study. The conversion to the more generous gain-time statute on a percentage basis is a reasonable and fair method to apply the law in effect when the offense was committed.
In denying appellant’s petition, the trial court found that appellant was not entitled to a maximum award of work and extra gain-time when appellant did not earn the maximum award of incentive gain-time. Furthermore, the court found that the percentage conversion of incentive gain-time to work and extra gain-time is a reasonable and fair method to apply the Waldrup and Raske decisions.
Two issues are raised on appeal: (1) whether the DOC’s percentage conversion of incentive gain-time to work and extra gain-time violates the ex post facto prohibition or deprives appellant of equal protection or due process of law; (2) whether the DOC abused its discretion by failing to award the maximum amount of work and extra gain-time available to appellant.
With respect to the “conversion” issue, the DOC has clearly failed to follow the mandate of the Florida Supreme Court in Waldrup v. Dugger, 562 So.2d 687 (Fla.1990). Essentially, the DOC argues that it is fair to convert the percentage of incentive gain-time awarded under the 1983 (unconstitutional) statute to work and extra gain-time under the applicable 1979 statute. The DOC proceeds on the theory that the actual incentive gain-time awards appellant would have received under the 1979 statute may be approx *736 imately derived by multiplying the percentage of gain-time awarded under the 1983 amendments by the maximum incentive gain-time awards available under the 1979 statute. Such a presumption carries neither the force of logic nor the authority of law. Rather, it is apparent that the DOC has fashioned a new rule to apply in lieu of the 1979 statute.
As explained in Waldrup, the pre-1983 statute provided two types of incentive gain-time. “Work” gain-time was awarded to a prisoner who committed no infraction of the rules ... or laws of the state and who has accomplished, in a satisfactory and acceptable manner, the work, duties, and tasks assigned. Id. at 689, text accompanying n. 3 (citing Section 944.275(2)(b), Florida Statutes (1981)). Under the cited statute, a prisoner could be awarded up to one day of gain-time for each day of productive or institutional labor. Second, “extra” gain-time of one to six days per month could be given for work performance “over and above that which may normally be expected,” among other reasons. Id. at 689, text accompanying n. 4 (citing Section 944.275(3)(a), Florida Statutes (1981)). The pre-1983 incentive gain-time provisions were replaced by a statute that provided for an award of up to 20 days of incentive gain-time to a prisoner who works “diligently, participates in training, uses time constructively, and otherwise engages in positive activities_” Id. at 690, text accompanying n. 9, citing Section 944.275(4)(b), Florida Statutes (1987) (emphasis added). Since the 1983 amendments imposed more stringent criteria for the award of incentive gain-time than the “work” gain-time authorized under the pre-1983 statutes, it is reasonable to conclude that the percentage of gain-time actually awarded under the 1983 incentive gain-time statute may not correlate directly or approximately with the percentage of available gain-time actually awarded under the pre-1983 statute for the same conduct. Therefore, the application of the DOC’s “conversion” is tantamount to the drafting and implementation of a new statute by the DOC, thus circumventing the legislative process. After all, the 1979 statute is available to the DOC. The DOC should apply it, as it was clearly instructed to do in Waldrup.[1] Id. at 692 (“DOC thus shall recompute incentive gain-time for Waldrup and similarly situated inmates based on the formulas, and in light of the criteria, contained in the pre-1983 statute.”).
Under our analysis, it is irrelevant whether the “conversion” was fair and reasonable. Moreover, because of the discretionary nature of the award of work and extra gain-time, it is impossible to discern whether appellant will receive any benefit from the application of the 1979 work and extra gain-time provisions. It is therefore difficult to determine whether the DOC “conversion” carries the detrimental effect of an ex post facto law. It is not difficult, however, to conclude that the implementation of the “conversion” deprived appellant of due process of *737 law, as the “conversion” was implemented in lieu of the applicable statute and without regard for the decision of the Florida Supreme Court in Waldrup v. Dugger.
Entitlement to the extraordinary writ of mandamus requires the petitioner to demonstrate that he has a clear legal right to the performance of the particular action sought, the respondents have a clear legal duty of performance, and no other adequate remedy exists. Adams v. State, 560 So.2d 821, 322 (Fla. 1st DCA 1990) (citations omitted). In the present case, although inartfully worded, appellant’s arguments fairly convey a request that the DOC be required to follow Waldrup v. Dugger, the DOC has a clear legal duty to follow Waldrup v. Dugger; and the record shows that appellant has exhausted his administrative remedies.
As to the second issue raised, we note that the award of work and extra gain-time under the 1979 statute is a matter of discretion vested in the DOC. Waldrup v. Dugger, 562 So.2d 687, 690 (Fla.1990). The mere fact that appellant was not awarded the maximum amount of work and extra gain-time available does not necessarily evidence an abuse of discretion. Therefore, we do not hold that appellant is entitled to an award of the maximum amount of incentive gain-time available under the 1979 statute. However, under the analysis of the first issue, we find that the DOC abused its discretion in the award of work and extra gain-time, as it had no discretion, or authority, to implement the conversion.
AFFIRMED in part, REVERSED in part, and REMANDED for entry of an order consistent with this opinion.
MINER, KAHN and LAWRENCE, JJ., concur.

. It is well worth noting that a recent opinion of this court implies that the DOC has been playing "fast and loose” with statutory formulae pertaining to the award (or forfeiture) of gain-time. Although the issue was not specifically raised in Avera v. Barton, 632 So.2d 167 (Fla. 1st DCA 1994), the DOC applied a "percentage” formula to determine the amount of gain-time forfeited by Avera because of his escape from custody. The applicable statute provided for a basic gain-time award of three days off per month for the first two years of the sentence; six days off per month for the third and fourth years of the sentence; and nine days off per month for the fifth and remaining years of the sentence. As stated in the opinion:
DOC calculated Avera's gain time by first establishing a percentage of days served by dividing the days served up to the escape (842) by the total days in a 30-year sentence (10,950). DOC then multiplied that percentage (7.69 percent) by the total amount of eligible days of gain time in a 30-year sentence (3600). That totaled 277 days of basic gain time forfeited.
Id. at 169 (footnote omitted).
In Avera, it is clear that the percentage method employed by the DOC caused Avera to forfeit not the basic gain-time awardable for the first 842 days of his sentence, but a percentage of the basic gain-time awardable over the course of a 30-year sentence, thus weighting the resulting forfeiture more heavily towards the higher gain-time awards available during and after the fifth year of the sentence. Application of this percentage method caused Avera to forfeit more basic gain-time than could be awarded over the 842-day period prior to the escape.
Because the propriety of the percentage method was not raised on appeal, the opinion merely notes that on remand "nothing requires DOC to recalculate gain time using the ‘percentage method.’ " Id. at 169.