HARDING, Justice.
We have for review Hamilton v. Single-tary, 646 So.2d 734, 737 (Fla. 1st DCA 1994), in which the First District Court of Appeal certified the following question to be of great public importance:
MAY THE DEPARTMENT OF CORRECTIONS, CONSISTENT WITH THE DECISION OF THE FLORIDA SUPREME COURT IN WALDRUP v. DUG-GER, 562 So.2d 687 (Fla.1990), IMPLEMENT ITS PRO RATA CONVERSION OF INCENTIVE GAIN-TIME EARNED UNDER CHAPTER 83-131, § 8, LAWS OF FLORIDA, TO WORK AND EXTRA GAIN-TIME AVAILABLE UNDER SECTION 944.275, FLORIDA STATUTES (1979)?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the certified question in the affirmative because we find the pro-rata conversion to be consistent with our decision in Waldrwp v. Dugger, 562 So.2d 687 (Fla.1990).
Henry Hamilton was received by the Department of Corrections (DOC) on December 1, 1988. Two of Hamilton’s offenses were of a continuing nature, one occurring between July 1979 and June 1987 and the other between February 1983 and June 1987. Hamilton filed a petition for a writ of mandamus challenging the DOC’s awards of basic and incentive gain-time. The trial court denied the petition as to both issues. Hamilton, 646 So.2d at 734.
On appeal, Hamilton abandoned the issue relating to basic gain-time, but claimed that the DOC abused its discretion in the award of incentive gain-time by improperly converting the incentive gain-time earned under the statute declared unconstitutional in Waldrup.[1] At the district court, Hamilton raised two issues relating to the DOC’s conversion of incentive gain-time to work and extra gain-time: 1) whether the percentage conversion violated the ex post facto prohibition or deprived him of equal protection or due process of law; and 2) whether the DOC abused its discretion by failing to award the maximum amount of work and extra gain-time available to him. Hamilton, 646 So.2d at 735.
The district court affirmed in part and reversed in part the trial court’s order denying Hamilton’s petition for writ of mandamus. The district court determined that the DOC’s conversion was “tantamount to the drafting and implementation of a new statute by the DOC, thus circumventing the legislative process.” Id. at 736. The DOC converted the incentive gain-time awarded under the 1983 statute to work and extra gain-time under the applicable 1979 statute on a percentage basis.[2] The district court reasoned *818 that the 1983 amendments imposed more stringent criteria for the award of incentive gain-time than the work gain-time authorized under the 1979 statute, and thus the percentage of available gain-time actually awarded under the 1988 incentive gain-time statute may not correlate directly or approximately with the percentage of available gain-time actually awarded under the 1979 statute for the same conduct. Id. The court also concluded that the “conversion” deprived Hamilton of due process of law as it was implemented in lieu of the applicable statute and without regard for this Court’s decision in Waldrup. Id. at 736-37. The court further concluded that the DOC abused its discretion in the award of work and extra gain-time because it had no discretion or authority to implement such a conversion. Id. at 737.
As to the second issue, the district court concluded that the mere fact that Hamilton was not awarded the maximum amount of work and extra gain-time available did not evidence an abuse of discretion by the DOC. Thus, the court did not find that Hamilton was entitled to an award of the maximum amount of incentive gain-time under the 1979 statute. Id. However, on the State’s motion for rehearing and certification, the district court certified the question regarding the DOC’s pro-rata conversion formula. Id.
The legislature amended the gain-time statute in 1983 and provided that “[o]n the effective date of the act, all incentive and meritorious gain-time shall be granted according to the provisions of this act.” Ch. 83-131, § 8, at 443, Laws of Fla. After the act took effect in June 1983, the only documentation that the DOC routinely maintained in inmate files were the incentive gain-time ratings and awards. These records reflected whether an inmate had worked, the level of involvement, and how well the work was performed in general terms. See Fla.Ad-mimCode R. 33-11.0065(3). However, in 1990, seven years after the act took effect, this Court determined that application of the 1983 incentive gain-time revisions to inmates convicted of offenses occurring before the effective date of the act violated the constitutional guarantee against ex post facto laws. Waldrup, 562 So.2d at 692. Thus, the DOC was ordered to recompute incentive gain-time for such inmates “based on the formulas, and in light of the criteria, contained in the pre-1983 statute.” Id.
The State argues that the DOC has applied the pre-1983 gain-time statute as required by Waldrup and has done so based upon the only records uniformly available seven years after the repeal of the work gain-time statute: the awards of incentive gain-time which indicate whether an inmate worked and his performance in that work. Furthermore, the State argues, unless the DOC is permitted to convert the incentive gain-time awards, it has no other way to implement the pre-1983 statute.
Apparently, the district court concluded that incentive gain-time awards have no correlation to work and extra gain-time awarded under the 1979 statute because the eligibility standards for each are different. Under the 1979 statute, inmates could be awarded two types of incentive gain-time: work and extra gain-time. Work gain-time of one day for each day of labor could be awarded to a prisoner who committed no infraction of the rules or laws of the state and “accomplished, in a satisfactory and acceptable manner, the work, duties, and tasks assigned.” § 944.275(2)(b), Fla.Stat. (1979) (emphasis added). From one to six days of extra gain-time could also be awarded each month for work performance “over and above that which may normally be expected,” among other reasons. § 944.275(3)(a), Fla.Stat. (1979). In contrast, as amended in 1983, the statute authorizes up to twenty days of incentive gain-time to a prisoner who “works diligently, participates in training, uses time constructively, or otherwise participates in positive activities.” § 944.275(4)(b), Fla.Stat. (1983). As provided by the DOC administrative regulations, incentive gain-time is only awarded to inmates who have performed in an “above satisfactory or outstanding manner.” Fla.Admin.Code R. 33-11.0065(3)(a) (emphasis added).
However, many of the factors pertinent to an award of work or extra gain-time are *819 subsumed into the incentive gain-time ratings and awards, including whether the inmate performed work or participated in education or self-betterment programs, the level of that performance, and the quantity of participation. Fla.Admin.Code R. 33-11.0065(3)(a).
We agree with the State that the DOC’s pro-rata conversion is a transitional tool necessitated by a lack of documentation. During the seven-year period between the 1983 amendment that repealed the work and extra gain-time statute and this Court’s 1990 Waldrup decision that invalidated application of the amended statute to inmates whose offenses occurred prior to June 1983, the only records kept documented the incentive gain-time ratings and awards. The DOC did not create the work and extra gain-time awards out of whole cloth, but used the available records to apply the pre-1983 statute as mandated in Waldrup. Thus, we do not agree with the district court’s conclusion that the conversion was “implemented in lieu of the applicable statute and without regard for the decision of [this] Court in Waldrup v. Dugger.” Hamilton, 646 So.2d at 737.
However, we do agree with the district court that the DOC did not abuse its discretion in awarding Hamilton work and extra gain-time under the 1979 statute. Id. As we explained in Waldrup, the DOC’s actions in awarding or withholding gain-time cannot be challenged unless they constitute an abuse of discretion. 562 So.2d at 693. “The mere fact that [Hamilton] was not awarded the maximum amount of work and extra gain-time available does not necessarily evidence an abuse of discretion.” Hamilton, 646 So.2d at 737.
Accordingly, we answer the certified question in the affirmative and quash in part and approve in part the decision below.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ, concur.

. In Waldrup v. Dugger, 562 So.2d 687, 692 (Fla. 1990), this Court held that the 1983 amendments to Florida's gain-time statute violated the ex post facto clause when applied to inmates convicted of offenses occurring before the June 1983 effective date of the act. See ch. 83-131, § 8, Laws of Fla. Consequently, we ordered the DOC to recompute incentive gain-time for those inmates - "based on the formulas, and in light of the criteria, contained in the pre-1983 statute." 562 So.2d at 692.

. As explained in the DOC’s letter to inmates affected by Waldrup, incentive gain-time awards were converted to work and extra gain-time using the following percentage guideline:
The number of days of the incentive gaintime award for each month is divided by 20 (which is the max[imum] of incentive allowed per month) to get the percentage earned; then the number of days in a specific month is multiplied by that percentage to convert the award to work gaintime. If you were eligible for extra gaintime, the maximum 6 days allowed is multiplied by the same percentage to calculate the appropriate award of extra gaintime.
This method of calculating gain-time has been applied only to the seven-year period between the 1983 amendment and this Court’s decision in Waldrup. During that period, the DOC only recorded incentive gain-time awards as prescribed by the 1983 amendment. Following Waldrup, *818 the DOC began documenting performance of such inmates under the pre-1983 statute criteria.