ORFINGER, R.B., J.
We affirm the trial court’s denial of Henry Glenn’s petition for writ of habeas corpus. The record demonstrates that Glenn has no right to immediate release from prison. Therefore, habeas relief is not appropriate.
Glenn sought an order requiring the Department of Corrections (“DOC”) to recompute his gain time at the maximum level permitted by the law as of the time he committed his offense. Because in most instances the award of gain time is discretionary, the fact that Glenn was not awarded the maximum amount of work and extra gain time does not show an abuse of discretion on the part of the DOC. Singletary v. Hamilton, 661 So.2d 816, 819 (Fla.1995). Neither does mandamus provide Glenn with relief. The purpose of a writ of mandamus is not to establish a legal right, but to enforce one already established. See State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199, 205 (1935).
Finally, we find no merit in Glenn’s claim that he should receive credit against his prison sentence for the time he spent out of custody on parole. Section 944.28(1), Florida Statutes (1981) allows the DOC to forfeit all gain time earned in the event that parole was granted and subsequently revoked as it twice was in Glenn’s case. See also Gibbs v. Wainwright, 302 So.2d 175, 177 (Fla. 2d DCA 1974) (recognizing that Florida courts have consistently held that gain time is forfeited whenever parole is revoked).
We find no merit in Glenn’s other claims.
AFFIRMED.
SHARP, W., and PALMER, JJ., concur.