984 So.2d 619 (2008)
Maynor E. MONNAR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1923.
District Court of Appeal of Florida, First District.
June 16, 2008.
Maynor E. Monnar, pro se, Appellant.
Charlie Crist, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The Florida Supreme Court, in State v. Monnar, 976 So.2d 581 (Fla.2008), quashed the decision of this court reported at 939 So.2d 251 (Fla. 1st DCA 2006), and remanded the case to this court for a "thorough review of the record" and application of a harmless error analysis based upon its decision in Galindez v. State, 955 So.2d 517 (Fla.2007).
The supreme court's decision did not, however, supersede or disapprove of our decision in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), which held that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), although decided after Isaac's conviction and original sentence were final, apply to any resentencing that took place after Apprendi came down, even resentencings taking place before Blakely was decided. On this point, Isaac still controls, not as law of the case, but as governing precedent within the First District.
In Monnar, the supreme court noted that it could not conduct a harmless error analysis because the record failed to contain enough information or record attachments for a review. Similarly, this court does not possess a sufficient record to allow such an analysis. Consequently, we reverse the order under review and remand for the trial court to reexamine the appellant's claim in light of Galindez. Should the trial court again deny the claim, it shall attach record portions establishing that no reasonable jury could have returned a verdict finding that the appellant did not inflict severe injury upon the victim. See Galindez, 955 So.2d at 523.
REVERSED and REMANDED with directions.
WEBSTER, BENTON, and VAN NORTWICK, JJ., concur.