984 So.2d 619 (2008)
Reginald BURKS, Petitioner,
v.
Walter A. McNEIL, Secretary, Florida Department of Corrections, Respondent.
No. 1D07-5666.
District Court of Appeal of Florida, First District.
June 16, 2008.
*620 Reginald Burks, pro se, Petitioner.
Kathleen Von Hoene, General Counsel, and Beverly Brewster, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Respondent.
PER CURIAM.
Petitioner seeks review of an order denying a petition for writ of habeas corpus. Petitioner challenged the Department of Corrections' calculation of his sentence. He contended that the Department violated the ex post facto clause when it applied the 1983 version of section 944.275, Florida Statutes, to his offense committed in 1981. The Department's use of the more generous gain-time statute and award in a lump sum resulted in a greater penalty to petitioner upon revocation of his parole. This court's decision in Avera v. Barton, 632 So.2d 167 (Fla. 1st DCA 1994) is directly on point. Therefore, we grant the petition.
This Court has previously held in Avera, that the use of the revised 1983 version of section 944.275 to calculate gain-time forfeited for an earlier offense date is disadvantageous to the prisoner and, therefore, violates the ex post facto clause. Here, the lump sum award of basic gain-time was disadvantageous to petitioner when he violated his parole and the Department forfeited the entire amount. The gain-time statute in effect at the time of petitioner's offense provided for basic gain-time to be earned under the 3-6-9 formula on a monthly basis, rather than the 10 days a month under the 1983 version. A review of the rule in effect on the date of offense, Florida Administrative Code Rule 33-11.045, indicates that gain-time was to be awarded or withheld monthly, rather than the lump sum award under the current version of the rule.
Accordingly, we grant the petition and remand for a determination of basic gain-time forfeited by petitioner up to the point of his release to parole under the formula in effect in 1981.
PETITION GRANTED and REMANDED for further proceedings.
BROWNING, C.J., ALLEN and BENTON, JJ., concur.