PER CURIAM.
 

 John M. Ferenc seeks certiorari review of an order denying his petition for -writ of habeas corpus. We conclude that the circuit court did not depart from the essential requirements of law when it rejected as factually unsupported Ferenc’s claim, founded on
 
 Avera v. Barton,
 
 632 So.2d 167 (Fla. 1st DCA 1994), that the Department of Corrections impermissibly applied the 1983 gain-time statute in calculating and then forfeiting gain-time attributable to his sentence for an offense committed in 1977.
 

 We decline to address petitioner’s claim that although the Department in fact did apply the 1977 statute in determining the amount of gain-time awardable to him, it erred by applying that gain-time in a lump sum rather than in progressive monthly increments, and thus forfeited more gain-time than should have been available at the time of disciplinary infractions he committed in the early years of his sentence. That claim was not raised in the petition below, nor was it addressed in the administrative grievances Ferenc appended to his petition. Instead, Ferenc raised this issue for the first time in his circuit court reply, and then only after conceding that the factual allegations supporting the claim articulated in his petition were not accurate. Because this issue was raised for the first time in petitioner’s reply and there was no showing that it had been exhausted through the administrative grievance process, the circuit court did not depart from the essential requirements of law when it declined entertain this claim as a basis for granting relief.
 
 See Richardson v. Fla. Parole Comm’n,
 
 871 So.2d 1007 (Fla. 1st DCA 2004).
 

 Accordingly, the petition for writ of cer-tiorari is denied. This disposition is without prejudice to Ferenc exhausting available administrative remedies concerning his claim that his gain-time was improperly applied in a lump sum, and if still dissatisfied, to petitioning the circuit court for relief on that basis.
 

 WOLF, BENTON, and BROWNING, JJ., concur.