PER CURIAM.
The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
On August 24, 1996, following a jury trial, the appellant was convicted of one count of armed kidnapping, one count of armed sexual battery, and one count of armed robbery. He alleges that the permitted sentencing range on his guidelines scoresheet was 9.6 to 16 years’ imprisonment. Appellant alleges that the trial court sentenced appellant to concurrent upward departure sentences of 48 years’ imprisonment on each count. The Florida Supreme Court affirmed the appellant’s judgment and sentence on June 22, 2000. On June 19, 2002, in response to a motion to correct illegal sentence, the appellant was resentenced to concurrent terms of 40 years’ imprisonment on the charges of armed kidnapping and armed sexual battery. The trial court reimposed the same 48 year sentence on the charge of armed robbery.
The appellant filed the instant motion to correct illegal sentence asserting that his upward departure sentences violate the principles announced in Apprendi[1] and Blakely[2]. The trial court noted that neither Apprendi nor Blakely applies retroactively and denied relief.
In Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), this Court held that although Apprendi does not apply retroactively, Ap-prendi and Blakely apply to a defendant who is resentenced after Apprendi became final but before Blakely was decided. This holding was recently reaffirmed in Monnar v. State, 984 So.2d 619 (Fla. 1st DCA 2008). In that case, this Court noted that the supreme court held in Galindez v. State, 955 So.2d 517 (Fla.2007), that a harmless error analysis applies to any Apprendi/Blakely error. This Court went on to hold:
The supreme court’s decision [in Galindez ] did not, however, supersede or disapprove of our decision in Isaac v. State, *625 911 So.2d 813 (Fla. 1st DCA 2005), which held that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), although decided after Isaac’s conviction and original sentence were final, apply to any resentencing that took place after Ap-prendi came down, even resentencings taking place before Blakely was decided. On this point, Isaac still controls, not as law of the case, but as governing precedent within the First District.
Monnar, 984 So.2d at 619.
Here, the appellant was resentenced after Apprendi was decided but before Blakely came down. Thus, pursuant to Isaac, the dictates of Apprendi and Blakely apply to appellant’s sentences.
The trial court held that even if Appren-di applies, the sentences imposed did not violate Apprendi because they were not above the statutory máximums for the offenses. However, the appellant was sentenced pursuant to the sentencing guidelines, not the Criminal Punishment Code. Thus, as Blakely makes clear, the statutory maximum would be the maximum guidelines sentence appellant could receive without the court imposing an upward departure. See Behl v. State, 898 So.2d 217 (Fla. 2d DCA 2005) (holding that pursuant to Blakely, “under a guidelines sentencing scheme which restricts judicial discretion in imposing sentences, the factors used to calculate the maximum guidelines sentence to which a defendant is exposed must be based either on (1) findings made by the jury, (2) facts admitted by the defendant, or (3) the defendant’s prior convictions”).
Accordingly, we REVERSE and REMAND for the trial court to either attach portions of the record conclusively refuting appellant’s claim or to conduct further proceedings pursuant to Galindez v. State, 955 So.2d 517 (Fla.2007) (holding that harmless error analysis applies to Apprendi/Blakely errors).
BARFIELD and VAN NORTWICK, JJ., concur; KAHN, J., concurs with opinion.

. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that "[plther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.”).

. Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ("the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.”).