# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3759
_____

DOYLE HEARD,

    Petitioner,

    v.

DEPARTMENT OF CORRECTIONS
and the FLORIDA COMMISSION
ON OFFENDER REVIEW,

    Respondents.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

December 14, 2018

PER CURIAM.

In this certiorari proceeding, inmate Doyle Heard seeks review of the circuit court's denial of his petition for writ of habeas corpus in which he challenged (1) the cancellation of his overcrowding credits and (2) the calculation of the basic gain-time (BGT) he forfeited after his parole revocations. Like the circuit court, we find no merit in either claim. We write only to explain why the application of the BGT rule in the 1983 version of section 944.275, Florida Statutes, was not an ex post facto violation in this case.

## Facts

In 1981, Heard was sentenced to consecutive prison terms of 15 years for strong-arm robbery and 50 years for kidnapping. The offenses were committed in 1980.

In 1987, Heard completed his sentence for strong-arm robbery and started serving his sentence for kidnapping. The Department of Corrections awarded Heard a lump sum of 6,000 days of BGT for this sentence based on the formula in the 1983 version of section 944.275, Florida Statutes.

In 1999, Heard was released on parole. After Heard's parole was revoked in 2001, the Department forfeited all 6,000 days of the BGT Heard had been awarded. However, the Department subsequently "re-audited" Heard's sentence and reduced the forfeiture to a prorated amount of BGT attributable to the period that Heard served in prison prior to his release on parole.

In 2011, Heard was again released on parole. After Heard's parole was revoked in 2014, the Department forfeited the prorated amount of BGT attributable to the time he served between his return to prison after his first parole violation and his second release on parole.

In 2016, Heard filed a petition for writ of habeas corpus challenging the Department's calculation of his sentence. Among other things, Heard argued that his sentence would have expired had the Department forfeited his BGT using the formula in the version of section 944.275 that was in effect in 1980 when he committed his offenses. The circuit court rejected this and all other claims raised in the habeas petition. Heard timely sought review of the circuit court's decision by filing a petition for writ of certiorari in this Court pursuant to *Sheley v. Florida Parole Commission*, 703 So. 2d 1202 (Fla. 1st DCA 1997).

## Analysis

At the time of Heard's offenses in 1980, BGT was awarded under the so-called "3-6-9 formula." This formula provided for a monthly award of BGT at a rate of 3 days per month for the first

and second years of the defendant's sentence, 6 days per month for the third and fourth years, and 9 days per month afterwards. *See* § 944.275(1), Fla. Stat. (1979).

In 1983, section 944.275 was amended to provide for the lump sum award of BGT at a rate of 10 days for each month of the defendant's sentence ("the 10-day formula"). *See* § 944.275(4)(a), Fla. Stat. (1983); see also Fla. Admin. Code R. 33-603.402(3)(c) ("In order to establish an initial tentative release date, [BGT] awards are made in a lump sum upon entry into the [D]epartment's custody."). This new formula was retroactively applied to "all sentences imposed for offenses committed on or after July 1, 1978." § 944.275(6)(a), Fla. Stat. (1983).

Heard does not challenge the Department's use of the 10-day formula to calculate the *award* of his BGT. Instead, his challenge is limited to the use of that formula to calculate the amount of BGT *forfeited* after his parole revocations. Specifically, Heard argues that because the use of the 10-day formula results in the forfeiture of more BGT than would have been forfeited under the 3-6-9 formula, the retroactive application of the 10-day formula amounts to an ex post facto violation.

"Two elements must be present in order for a criminal or penal law to be ex post facto: (1) the law must be retrospective, that is, it must apply to events occurring before its enactment; and (2) the law must disadvantage the offender." *Avera v. Barton*, 632 So. 2d 167, 168-69 (Fla. 1st DCA 1994) (citing *Waldrup v. Dugger*, 562 So. 2d 687, 691 (Fla. 1990)).

Here, Heard was not disadvantaged by the use of the 10-day formula to calculate the amount of BGT forfeited because the same formula was used to calculate the award of BGT and the Department only forfeited the amount of BGT attributable to the time served by Heard prior to his releases on parole. The fact that Heard forfeited more BGT (2,193 days) than he would have forfeited under the 3-6-9 formula (1,928 days) is not determinative because he was awarded more BGT (6,000 days) than he would

3

have earned under the 3-6-9 formula (5,400 days).[*] *Avera* and *Burks v. McNeil*, 984 So. 2d 619 (Fla. 1st DCA 2008), are not contrary authority.

In *Avera*, the inmate was sentenced in 1979 to 30 years in prison. 632 So. 2d at 168. In 1981, the inmate escaped and was recaptured the same day. *Id.* The Department retrospectively applied the 10-day formula to calculate the amount of BGT forfeited by the inmate. *Id.* We held that the Department's application of the 10-day formula to the inmate in that case was an ex post facto violation because the inmate would have forfeited a lesser amount of BGT under the 3-6-9 formula in effect "at the time of his escape and escape conviction." *Id.* at 169.

Section 944.28(1), Florida Statutes, which provides for the forfeiture of gain-time if the prisoner escapes or his parole is revoked, allows the Department to forfeit all gain-time earned prior to the escape or release on parole. The triggering event for the forfeiture in *Avera* was his escape in 1981, and at that time, the 10-day formula had not yet been enacted. Thus, it was an improper retrospective application of the law to calculate the forfeiture under the 10-day formula. By contrast, in this case, Heard's triggering events—the revocations of his parole—occurred long after the 10-day formula was in effect.

In *Burks*, the Department forfeited the entire lump sum of BGT awarded to the inmate under the 10-day formula. 944 So. 2d at 620. We held this was error because, under the version of section 944.275 in effect at the time of the inmate's offense in 1981, BGT was awarded on a monthly basis. *Id.* Here, the Department did not forfeit the entire lump sum of BGT awarded to Heard under the 10-day formula. Instead, it only forfeited the portion of the award attributable to the months that he served prior to his releases to parole. This approach is consistent with *Burks*.

---

[*] It is also noteworthy that Heard's tentative release date using the 10-day formula to award and forfeit BGT is almost a year earlier than it would be if the 3-6-9 formula was used to award and forfeit BGT.

## Conclusion

In sum, because Heard was not disadvantaged by the use of the 10-day formula to calculate the amount of BGT he forfeited after his parole violations, the circuit court correctly rejected his ex post facto claim. Accordingly, the petition for writ of certiorari is denied on the merits.

DENIED.

WETHERELL, ROWE, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Doyle Heard, pro se, Petitioner.

Rana Wallace, General Counsel, and Mark Hiers, Assistant General Counsel, Florida Commission on Offender Review, Tallahassee; Kenneth S. Steely, General Counsel, and Gayla Grant, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Respondents.

5