890 So.2d 286 (2004)
Paul J. BURROWS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3961.
District Court of Appeal of Florida, Second District.
November 19, 2004.
Rehearing Denied January 11, 2005.
DAVIS, Judge.
Paul Burrows appeals the denial of his pro se motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons expressed below, we affirm.
In 1995, a jury found Burrows guilty of two criminal offenses, kidnapping and attempted sexual battery. On the kidnapping charge, he was sentenced to a guidelines upward departure sentence of life in prison. On the attempted sexual battery charge, he was sentenced to a concurrent term of five years in prison. Burrows appealed the judgment and sentences, and this court affirmed without opinion. See Burrows v. State, 677 So.2d 844 (Fla. 2d DCA 1996) (table decision).
In 2004, Burrows filed a rule 3.800(a) motion asserting that his guidelines departure sentence was illegal under the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Burrows contends that the written reason justifying departure from the sentencing guidelines was only determined by the sentencing court without a jury by a preponderance of the evidence and was not found to exist beyond a reasonable doubt by a jury.

*287 APPRENDI NOT RETROACTIVE
This court in Gisi v. State, 848 So.2d 1278, 1282 (Fla. 2d DCA 2003), stated in dicta that "Apprendi does not apply retroactively to sentences that were final prior to its issuance." All of our sister courts have come to the same conclusion. See Enoch v. State, 873 So.2d 443 (Fla. 5th DCA 2004); Figarola v. State, 841 So.2d 576 (Fla. 4th DCA 2003); Brown v. State, 829 So.2d 286 (Fla. 3d DCA 2002), cert. denied sub nom. Brown v. Florida, 537 U.S. 1196, 123 S.Ct. 1263, 154 L.Ed.2d 1033 (2003); Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002), review granted, 837 So.2d 410 (Fla.2003).

BLAKELY NOT RETROACTIVE
On the same day that the United States Supreme Court issued the Blakely opinion, the Court also released its opinion in Schriro v. Summerlin, ___ U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). Schriro held that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended the application of Apprendi to death penalty cases, was not to be applied retroactively to cases on collateral review.
The Eleventh Circuit, in its opinion in In re Dean, 375 F.3d 1287 (11th Cir.2004), relied on Schriro to conclude that the Supreme Court has not made Blakely retroactive to cases on collateral review. Recently the Fourth District, in McBride v. State, 884 So.2d 476, 478 (Fla. 4th DCA 2004), held that, like Apprendi,"Blakely does not apply retroactively to cases on collateral review." We agree.

CONCLUSION
Since Burrows did not seek further appellate review of this court's affirmance on direct appeal, his sentences became final upon the issuance of this court's mandate in 1996. See Brown v. State, 827 So.2d 1054, 1055 (Fla. 2d DCA 2002). Accordingly, we affirm the circuit court's denial of Burrows' rule 3.800(a) motion because neither Apprendi (issued in 2000) nor Blakely (issued in 2004) are to be retroactively applied on collateral review to sentences that became final before the issuance of those opinions.
Affirmed.
KELLY and VILLANTI, JJ., Concur.