898 So.2d 1128 (2005)
Emanuel PAUL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-667.
District Court of Appeal of Florida, Fourth District.
March 30, 2005.
Emanuel Paul, Crawfordville, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the order summarily denying Mr. Paul's rule 3.850 motion challenging his departure sentence as a violation of the principles set forth in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), reh'g denied, ___ U.S. ___, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004); and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Upon Mr. Paul's open plea of guilty, the trial court had entered an upward departure from the maximum guidelines sentence of 17.7 years to life imprisonment, based upon factual findings neither found by a jury beyond a reasonable doubt nor admitted in connection with Mr. Paul's open plea of guilty as charged. The appellant alleges that this violated Blakely. This court and others have held that the holding of these cases is not to be applied retroactively. E.g., McBride v. State, 884 So.2d 476 (Fla. 4th DCA 2004); Matthews v. State, 891 So.2d 596 (Fla. 3d DCA 2004); Burrows v. State, 890 So.2d 286 (Fla. 2d DCA 2004). Compare United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (holding that application of these principles to federal sentencing guidelines would apply to all cases on direct review).
However, we certify as a question of great public importance the following: DO THE RULINGS ANNOUNCED IN BLAKELY V. WASHINGTON, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), REH'G DENIED, ___ U.S. ___, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004); AND APPRENDI V. NEW JERSEY, 530 U.S. *1129 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), APPLY RETROACTIVELY?
WARNER, HAZOURI and MAY, JJ., concur.