911 So.2d 813 (2005)
Lemuel E. ISAAC, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3438.
District Court of Appeal of Florida, First District.
June 23, 2005.
Rehearing Denied September 28, 2005.
*814 Appellant, pro se.
Charlie Crist, Attorney General; Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion and subsequent amendment alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court improperly denied the appellant's amendment as untimely, we reverse.
The procedural history of this case is complex. Following a jury trial, the appellant was convicted and sentenced for kidnaping to facilitate, grand theft, burglary of a dwelling while armed, and armed robbery with a firearm. This Court affirmed his convictions and sentences, with the exception of reversing his conviction for grand theft and remanding to the trial court with directions to discharge that offense. See Isaac v. State, 720 So.2d 306, 306-07 (Fla. 1st DCA 1998). The appellant was resentenced on March 17, 1999; the appellant did not appeal his resentencing. In response to a rule 3.800(a) motion, the trial court resentenced the appellant under the 1994 guidelines to a departure sentence, and this Court affirmed his sentences on July 23, 2002; mandate issued on October 10, 2002. See Isaac v. State, 826 So.2d 396, 396 (Fla. 1st DCA 2002). While his appeal of the resentencing was pending in this Court, the appellant filed his initial rule 3.850 motion on November 9, 2000. On July 23, 2002, this Court affirmed the appellant's resentencing, and he filed an amendment to his rule 3.850 motion on May 30, 2003, prior to the trial court ruling on his original motion. The amendment pertains to his resentencing. Therefore, the two-year time limit began when this Court issued mandate in the direct appeal of his resentencing on October 10, 2002, and his May 30, 2003, amendment was timely filed.
The heart of the appellant's claim is that the reason used for departure, an escalating pattern of criminal activity, is a factual determination that must be found beyond a reasonable doubt by a jury, and that the trial court violated his sixth amendment right to a trial by jury as explained in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and clarified by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The state's argument that Apprendi is not retroactive is a valid statement of the law, see Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002); however, as Apprendi was decided prior to the appellant's resentencing, the trial court was bound by its holding. Although this Court previously affirmed the appellant's departure sentence on the basis that Apprendi *815 does not apply so long as a sentence does not exceed the statutory maximum set forth in section 775.082, Isaac, 826 So.2d at 396, the statutory maximum has since been revealed to mean "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537. Therefore, a departure sentence imposed pursuant to the trial court determining a fact by merely a preponderance of the evidence violates the holding of Apprendi as explained by Blakely.
Under the particular facts of this case, we conclude that reliance on the law of the case doctrine would be manifestly unfair because the United States Supreme Court made clear that the State of Florida's post-Apprendi and pre-Blakely interpretation of the phrase "statutory maximum" violated the appellant's sixth amendment right to a jury trial. See Blakely, 124 S.Ct. at 2537; Horton v. State, 682 So.2d 647, 648 (Fla. 1st DCA 1996) (applying the exception to the law of the case doctrine in a collateral proceeding where this Court relied on an interpretation of case law that the Supreme Court later held erroneous).
We therefore reverse the trial court's summary denial of the appellant's amendment to his motion and remand to the trial court for resentencing or to refute the appellant's Apprendi claim with record attachments. All other issues are affirmed without comment.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
BROWNING and LEWIS, JJ. concur; KAHN, J., dissents with opinion.
KAHN, J., dissenting.
I would affirm the trial court's denial of appellant's Rule 3.850 motion. I would do this under the authority of Hughes v. State, 901 So.2d 837 (Fla.2005). Hughes, in an exhaustive analysis, declined to give retroactive effect to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
Although it may not seem so at first, the court's analysis in the present case gives Apprendi retroactive application. The court acknowledges this court's correct decision in Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002), aff'd, 901 So.2d 837 (Fla.2005), but dismisses the issue of retroactivity stating that, because Apprendi "was decided prior to appellant's resentencing, the trial court was bound by its holding." Op. at 814. Unless Hughes is further refined by the supreme court, however, the majority's reasoning here is not correct. The Hughes court states the issue as "whether such cases can be applied to defendants whose convictions already were final when the decision was rendered." 901 So.2d at 840. The court stated this as the issue in deference to longstanding policy that, "Once a conviction is final,... the State acquires an interest in the finality of the convictions." Id.; see Witt v. State, 387 So.2d 922, 925 (Fla.1980). Here, Isaac's convictions were final long before the Apprendi decision.
The majority acknowledges the complex nature of this case's procedural history. No dispute exists, however, that the convictions for which Isaac has ultimately been sentenced became final as of this court's appellate decision after the plenary appeal. Isaac v. State, 720 So.2d 306 (Fla. 1st DCA 1998). In that appeal, we left intact the four counts for which Isaac has been repeatedly sentenced to concurrent terms of twenty years. See id. at 306-07. Accordingly, the convictions were final no later than November 10, 1998, the date of our initial Isaac decision. See id. at 306. Isaac's filing of a successful Rule 3.800(a) motion, relying upon Heggs v. State, 759 *816 So.2d 620 (Fla.2000), is of no moment to the retroactivity analysis enunciated by Hughes.
Appellant has succeeded now because he filed a Rule 3.800(a) motion alleging error under Heggs v. State, and was resentenced on June 11, 2001, again to four concurrent twenty-year sentences, this time as departure sentences. The majority bottoms its analysis upon its conclusion that by this time the judge was bound by Apprendi. Isaac did not raise an objection based upon Apprendi at the resentencing, but did file a timely Rule 3.800(b) motion alleging that the departure sentences violated Apprendi.
I conclude that, even though appellant was resentenced in June 2001, Apprendi does not apply because his conviction became final in 1998. Apprendi, of course, involves a right under the Sixth and Fourteenth Amendments of the United States Constitution for state criminal defendants to have certain facts determined by a jury beyond a reasonable doubt, rather than by a judge. As the Hughes retroactivity analysis instructs, the rule of Apprendi is not "of sufficient magnitude as to require retroactive application." 901 So.2d at 840. Here, because Isaac's jury was obviously discharged after the original criminal trial on January 15, 1997, the factual matters underlying the guidelines departure sentences may not be submitted to a jury. Accordingly, Hughes' focus on finality of the conviction is very important, and I would follow that rule until it is altered. Because these convictions were final long before announcement of the Apprendi rule, I would let the twenty-year sentences stand.