910 So.2d 284 (2005)
Alexander GALINDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-44.
District Court of Appeal of Florida, Third District.
July 20, 2005.
Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael E. Hantman, Assistant Attorney General, for appellee.
Before GREEN and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
The defendant-appellant was convicted in 1998 of multiple sexual offenses after a jury trial. The convictions and sentences were affirmed in Galindez v. State, 728 So.2d 333 (Fla. 3d DCA 1999). The defendant then moved for relief from the sentences under Rule 3.800, and appealed from its denial. In Galindez v. State, 831 So.2d 780 (Fla. 3d DCA 2002), rendered on January 13, 2003, we partially reversed and remanded on the ground that the trial court had overassessed the points for penetration in preparing the guideline scoresheet. The present appeal is from a resentencing order entered on November 21, 2003, in accordance with our mandate in that case. The primary issue is the claim that Apprendi v. New Jersey, 530 *285 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and, more precisely, Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), decided on June 24, 2004, require the invalidation of any points for penetration because they were assessed by the court, rather than by the jury.
We reject this contention because, as clearly and correctly stated by Judge Kahn in Isaac v. State, 911 So.2d 813, 815-16, 2005 WL 1467321 (Fla. 1st DCA Case no. 1D03-3438, opinion filed, June 23, 2005)(Kahn, J., dissenting), Apprendi and Blakely, which have no retroactive application, see Hughes v. State, 901 So.2d 837 (Fla.2005), cannot be applied to alter the effect of a jury verdict and convictionas well as, in this case, a direct appealrendered prior to those decisions, notwithstanding that further resentencing proceedings are pending afterwards. Accord United States v. Price, 400 F.3d 844 (10th Cir.2005), petition for cert. filed, ___ U.S.L.W. ___, ___ U.S. ___, ___ S.Ct. ___, ___ L.Ed.2d ___ (U.S. May 31, 2005)(No. 04-10694); United States v. Sanders, 247 F.3d 139 (4th Cir.2001), cert. denied, 534 U.S. 1032, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001); see also Hughes, 901 So.2d at 838 (Apprendi does not apply retroactively to convictions which were final when Apprendi was decided). Contra Isaac v. State, 911 So.2d 813, 2005 WL 1467321 (Fla. 1st DCA Case no. 1D03-3438, opinion filed, June 23, 2005). We are particularly persuaded by the following portion of Judge Kahn's dissent:
[E]ven though appellant was resentenced in June 2001, Apprendi does not apply because his conviction became final in 1998. Apprendi, of course, involves a right under the Sixth and Fourteenth Amendments of the United States Constitution for state criminal defendants to have certain facts determined by a jury beyond a reasonable doubt, rather than by a judge. As the Hughes retroactivity analysis instructs, the rule of Apprendi is not "of sufficient magnitude as to require retroactive application." [901 So.2d at 840]. Here, because Isaac's jury was obviously discharged after the original criminal trial on January 15, 1997, the factual matters underlying the guidelines departure sentences may not be submitted to a jury. Accordingly, Hughes' focus on finality of the conviction is very important, and I would follow that rule until it is altered. Because these convictions were final long before announcement of the Apprendi rule, I would let the twenty-year sentences stand.
Isaac, 911 So.2d at 816 (Kahn, J., dissenting). This observation's application to this case was forcefully demonstrated when, at oral argument, defense counsel was asked whether, consistent with her position to apply Apprendi-Blakely retroactively, she would now waive any double jeopardy objection to retrying the issue of penetration to a jury. Her negative reply establishes that applying that doctrine to this case would amount simply to a pardon of the defendant for an act he confessed to committing because the rules of the game were deemed to have changed after it was over.[1]
*286 We certify that this decision is in conflict with Isaac.
Affirmed, conflict certified.
NOTES
[1] It is for this reason, also, that we disagree with the Isaac majority that the situation presents a manifest injustice precluding what might otherwise be required by the law of the case doctrine. See Swain v. State, 911 So.2d 140, 2005 WL 1398472 (Fla. 3d DCA Case no. 3D05-1034, opinion filed, June 15, 2005); Hepburn v. State, 844 So.2d 674 (Fla. 3d DCA 2003), review denied, 851 So.2d 729 (Fla. 2003).