914 So.2d 29 (2005)
Daniel A. GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2841.
District Court of Appeal of Florida, Fourth District.
October 5, 2005.
Rehearing Denied November 30, 2005.
Bernard F. Daley, Jr., of the Law Office of Bernard F. Daley, Jr., Tallahassee, and Daniel A. Garcia, Belle Glade, for appellant.
No appearance required for appellee.
PER CURIAM.
Daniel Garcia appeals a final order of the Palm Beach County Circuit Court summarily denying his motion to correct or modify sentence. We affirm.
Garcia was convicted of second degree murder with a firearm in September 1997 and was sentenced to thirty years in prison with a three-year mandatory minimum. He appealed to this court, which affirmed with the mandate issuing October 1998. He filed a rule 3.800(a) motion to correct sentencing error in 2000, resulting in his resentencing in November 2000 to 260 months due to a Heggs[1] violation. He then challenged his new sentence on the ground that it was imposed in his absence. He advises that the trial court resentenced him once more in December 2004 to twenty-one years in prison.
In June 2005, Garcia filed this rule 3.800(a) motion to correct or modify his sentence, alleging, this time, that his resentencing was illegal because his sentence was enhanced based on findings made by the trial court. In particular, he alleges that his guidelines sentence topped out at thirteen years. He cites for support Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), holding that a departure sentence imposed by the trial court based on a fact found by the judge by a preponderance of the evidence violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
*30 The trial court did not err in summarily denying Garcia's motion. Blakely has been held not to apply retroactively. See Burgal v. State, 888 So.2d 702 (Fla. 3d DCA 2004); McBride v. State, 884 So.2d 476, 478 (Fla. 4th DCA 2004). Although Garcia was resentenced under Heggs, and post-Blakely, his conviction became final in 1998, long before both Apprendi and Blakely. To the extent the majority opinion in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), effectively applied Blakely retroactively, we certify conflict and align ourselves with Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005), holding that Apprendi and Blakely did not apply retroactively to convictions that became final in 1999, even though resentencing took place in 2003 on a scoresheet error, post-Apprendi.
Affirmed.
STEVENSON, C.J., GUNTHER and MAY, JJ., concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000).