914 So.2d 27 (2005)
Marc S. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1530.
District Court of Appeal of Florida, Fourth District.
October 5, 2005.
Rehearing Denied November 30, 2005.
*28 Marc S. Thomas, Indiantown, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant, Marc Thomas, appeals the summary denial of his motion to correct illegal sentence, as supplemented, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the summary denial of his claim of vindictive sentencing. See Baker v. State, 904 So.2d 505 (Fla. 4th DCA 2005); Benedetto v. State, 895 So.2d 1126 (Fla. 4th DCA 2005) (citing Boyd v. State, 880 So.2d 726 (Fla. 2d DCA 2004), review denied, 888 So.2d 621 (Fla.2004)).
We also affirm the summary denial of his claim of illegal sentencing under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We have held previously that the decision does not apply retroactively. See McBride v. State, 884 So.2d 476 (Fla. 4th DCA 2004); see also Paul v. State, 898 So.2d 1128 (Fla. 4th DCA 2005); Burrows v. State, 890 So.2d 286 (Fla. 2d DCA 2004); Burgal v. State, 888 So.2d 702 (Fla. 3d DCA 2004). The Supreme Court of Florida held in Hughes v. State, 901 So.2d 837 (Fla.2005), that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not apply retroactively. It did not address the retroactivity of Blakely, but, on the authority above, we conclude that there is no retroactivity of this decision either. Appellant's sentences became final in 2002, pre-Blakely but post-Apprendi. Since his challenge is based on Blakely, and as it is not retroactive, we conclude that the trial court did not err in rejecting this claim. To the extent the majority opinion in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), effectively applied Blakely retroactively, we certify conflict and align ourselves with Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005), holding that Apprendi and Blakely did not apply retroactively to convictions that became final in 1999, even though resentencing took place in 2003 on a scoresheet error, post-Apprendi.
Affirmed.
STEVENSON, C.J., GUNTHER and MAY, JJ., concur.