914 So.2d 993 (2005)
Jason HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-664.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
Rehearing Denied December 14, 2005.
*994 Jason Hamilton, South Bay, pro se.
No appearance required for appellee.
KLEIN, J.
Appellant seeks review of an order denying post-conviction relief arguing that his sentence is illegal under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm because Apprendi is not retroactive and certify conflict.
Procedurally, appellant is in the same situation as was the defendant in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005). They were tried and sentenced before Apprendi, but were resentenced, following a reversal of their sentences on direct appeal, after Apprendi was decided. The majority in Isaac held that Apprendi applied, but Judge Kahn dissented and explained that the majority was applying Apprendi retroactively, contrary to Hughes v. State, 901 So.2d 837 (Fla.2005).
In this case appellant argues that his sentence, which was increased for severe victim injury, violated Apprendi in that the judge, not the jury, found severe victim injury. We agree, however, with Judge Kahn's dissent that applying Apprendi under these circumstances would be a retroactive application and contrary to Hughes. So does the third district. Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005) (certifying conflict with Isaac). We affirm and certify direct conflict with Isaac.
WARNER and GROSS, JJ., concur.