972 So.2d 202 (2006)
John D. MORROW, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1264.
District Court of Appeal of Florida, First District.
February 13, 2006.
Rehearing Denied January 16, 2008.
John D. Morrow, pro se, Appellant.
Charlie Crist, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging that his sentence is illegal. Because the trial court improperly ruled that neither Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), nor Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004), apply to the appellant's case, we reverse and remand for resentencing or for record attachments conclusively refuting the appellant's claim.
Following a jury trial, the appellant was convicted and sentenced for second-degree murder, a lesser-included offense, and was sentenced to a departure sentence of life imprisonment based on the cruel, heinous, and atrocious manner of the crime as well as the appellant's complete lack of passion and remorse. The appellant argues that his departure sentence violates his Sixth Amendment right to a jury as explained in Apprendi and Blakely.
The trial court incorrectly ruled that the appellant's sentence was final when Apprendi was decided. A conviction is final after appellate proceedings have concluded and mandate issues. See Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). *203 As the state concedes, Apprendi applies to the instant case because Apprendi was decided on June 26, 2000, and the instant case did not become final until December 21, 2000, when mandate issued. Blakely likewise applies to the appellant because Blakely was a clarification of Apprendi. See Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005). But see Garcia v. State, 914 So.2d 29 (Fla. 4th DCA 2005)(certifying conflict with Isaac); Thomas v. State, 914 So.2d 27 (Fla. 4th DCA 2005)(same); Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005)(same). Thus, the appellant's maximum sentence is limited to the length "a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant," Blakely, 124 S.Ct. at 2537, and a departure sentence imposed pursuant to the trial court determining a fact by merely a preponderance of the evidence violates the holding of Apprendi. See Isaac, 911 So.2d at 815.
As to the appellant's facial challenge to the 1983 sentencing guidelines, this argument is without merit because the provision which allows the trial court to depart from the scoresheet ranges is permissive instead of mandatory. See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 759, 160 L.Ed.2d 621 (2005).
We therefore affirm in part and reverse in part the trial court's summary denial of the appellant's motion and remand to the trial court for resentencing or to refute the appellant's Apprendi claim with record attachments.
REVERSED AND REMANDED.
VAN NORTWICK and HAWKES, JJ., concur; THOMAS, J., concurs in result only.