983 So.2d 1 (2006)
Roger Carl MOLINE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2815.
District Court of Appeal of Florida, First District.
March 3, 2006.
Appellant, pro se.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion which alleged that his sentence exceeds the limits provided by law and the Sixth Amendment filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant stated a facially sufficient claim, we reverse.
On April 11, 1996, the appellant was convicted of multiple charges, including impersonating a police officer. The trial court vacated his initial sentence for this count pursuant to a postconviction motion *2 and resentenced him to a departure sentence of thirty years' imprisonment, which this court per curiam affirmed and the mandate issued on July 27, 2004. Moline v. State, 876 So.2d 564 (Fla. 1st DCA 2004) (unpublished table opinion).
The appellant argues that his upward departure sentence was imposed in violation of the constitution because the reasons therefor were not presented to the jury and proven beyond a reasonable doubt. As explained in Isaac v. State, 911 So.2d 813, 815 (Fla. 1st DCA 2005), "a departure sentence imposed pursuant to the trial court determining a fact by merely a preponderance of the evidence violates the holding of Apprendi [v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)], as explained by Blakely [v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)]." "[O]nce the court has determined that the sentence was indeed illegal and the prisoner is entitled to a modification of the original sentence or the imposition of a new sentence, the full panoply of due process considerations attach." State v. Scott, 439 So.2d 219, 220 (Fla.1983). Thus, the constitutional limitations announced in Apprendi and explained in Blakely prior to the finality of the appellant's resentencing apply to his cause. See Scott, 439 So.2d at 220. But see Garcia v. State, 914 So.2d 29 (Fla. 4th DCA 2005)(certifying conflict with Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), and holding that Blakely does not apply to an appellant's November 2000 Heggs v. State, 759 So.2d 620 (Fla.2000) resentencing because his conviction became final in October 1998 when mandate issued); Thomas v. State, 914 So.2d 27 (Fla. 4th DCA 2005)(holding Blakely did not apply to the appellant's 2003 resentencing because his sentence became final post-Apprendi and pre-Blakely, Blakely is not retroactive, and certifying conflict with Isaac); Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005)(holding Apprendi did not apply to convictions rendered prior to its issuance notwithstanding future resentencing proceedings post-Blakely and certifying conflict with Isaac). To the extent Thomas, Galindez, and Garcia suggest that Blakely and Apprendi do not apply to resentencing proceedings, we certify conflict. To the extent the Third and Fourth Districts disagree with this court about the effective date of Blakely, this issue is irrelevant here as the appellant's direct appeal was not final until post-Blakely. See Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)(holding newly declared constitutional rules must be applied to criminal cases pending direct review); see also Smith v. State, 598 So.2d 1063, 1066 (Fla.1992)(holding opinions announced by the highest court apply to those cases not yet final at the time the law changed).
We, therefore, reverse the summary denial of the appellant's motion and remand to the trial court to conduct an evidentiary hearing or to refute the appellant's claim with record attachments.
REVERSED AND REMANDED.
BENTON, J., concurs, WOLF, J., concurs with opinion, and KAHN, CJ., dissents with opinion.
KAHN, C.J., Dissenting.
I would affirm the trial court's denial of the rule 3.850 motion in this case for the reasons expressed in my dissent in Isaac v. State, 911 So.2d 813, 815-16 (Fla. 1st DCA 2005)(Kahn, J., dissenting). See also Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005) (certifying conflict with Isaac); Thomas v. State, 914 So.2d 27 (Fla. 4th DCA 2005) (same); Garcia v. State, 914 So.2d 29 (Fla. 4th DCA 2005) (same); Hamilton v. State, 914 So.2d 993 (Fla. 4th *3 DCA 2005) (same); Cornet v. State, 915 So.2d 239 (Fla. 3d DCA 2005) (same).
WOLF, J., Concurring.
I agree with the reasoning of Judge Kahn's dissent, but we are bound by prior precedent of this court.