923 So.2d 596 (2006)
Timothy D. LESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2489.
District Court of Appeal of Florida, Fifth District.
March 24, 2006.
*597 James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Timothy D. Lester seeks review of an order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Relying on Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), Lester alleges that his upward departure sentence upon re-sentencing is illegal under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Lester's underlying convictions, however, became final long before announcement of the Apprendi rule. We agree with Judge Kahn's well-reasoned dissent in Isaac that applying Apprendi would be a retroactive application and contrary to Hughes v. State, 901 So.2d 837 (Fla.2005). Isaac, 911 So.2d at 815-16 (Kahn, J., dissenting). Accordingly, we affirm, aligning ourselves with the Second, Third and Fourth District Courts of Appeal, and certify direct conflict with Isaac. See, e.g., Thomas v. State, 914 So.2d 27 (Fla. 4th DCA 2005); Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005); Burrows v. State, 890 So.2d 286 (Fla. 2d DCA 2004), rev. denied, 914 So.2d 952 (Fla. 2005).
AFFIRMED; CONFLICT CERTIFIED.
THOMPSON and SAWAYA, JJ., concur.