929 So.2d 598 (2006)
William Blake LANGFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-96.
District Court of Appeal of Florida, Fifth District.
May 5, 2006.
*599 James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
William Blake Langford appeals from the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. He contends that the trial court erred by utilizing a sentencing scoresheet that included 44 victim injury points, which were not based on any finding of the jury, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We disagree and affirm, but certify conflict with Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), review pending, No. SC05-2047 (Fla. filed Oct. 31, 2005).
In October 1999, following a jury trial, Langford was convicted of attempted second-degree murder and aggravated battery with a deadly weapon, arising from an incident that occurred in April 1996. He was subsequently sentenced to concurrent terms of twelve years incarceration followed by ten years probation. On direct appeal, this Court determined that Langford's sentence for aggravated battery was illegal as it exceeded both the statutory maximum and the recommended guidelines range. We remanded the case for resentencing on the aggravated battery conviction. Langford v. State, 773 So.2d 108 (Fla. 5th DCA 2000). On remand, Langford was resentenced to a total of twelve years incarceration followed by three years probation.
In September 2004, Langford filed a rule 3.800 motion to correct an illegal sentence, arguing that pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), he was entitled to be resentenced under the 1994 sentencing guidelines. He also alleged that pursuant to Apprendi and Blakely, the revised sentencing scoresheet should not include the assessment of 44 victim injury points. At the hearing on his motion, Langford argued that victim injury points should not be included because the jury was not asked to make a factual finding as to the extent of the injury. The *600 State conceded that Langford was entitled to relief under Heggs, but argued that Apprendi and Blakely should not be applied retroactively. The trial court agreed, finding that Apprendi and Blakely were not retroactive, and, therefore, did not apply. Accordingly, the 1994 sentencing scoresheet used at the Heggs resentencing included 44 victim injury points. The trial court resentenced Langford to 124.25 months for attempted second-degree murder and aggravated battery with a deadly weapon. Langford then filed an appeal.
While the appeal was pending, Langford filed a rule 3.800(b)(2) motion to correct sentencing error, contending that the trial court erroneously ruled that Apprendi and Blakely were not to be applied retroactively. He maintained that pursuant to Apprendi, Blakely, and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the 44 victim injury points should not have been assessed on the sentencing scoresheet because it increased the maximum guideline sentence without a finding made by the jury respecting victim injury. The trial court entered an order denying his rule 3.800(b)(2) motion, and the appeal then proceeded.
The Florida Supreme Court has held that the decision in Apprendi is not retroactive. See Hughes v. State, 901 So.2d 837 (Fla.2005); see also Lester v. State, 923 So.2d 596 (Fla. 5th DCA 2006). Although Hughes held that Apprendi did not apply retroactively, it did not address the retroactivity of Blakely. However, the United States Eleventh Circuit Court of Appeals, along with the Second, Third, and Fourth District Courts of Appeal have found that Blakely is not retroactive. See, e.g., In re Dean, 375 F.3d 1287 (11th Cir.2004) (stating that "[r]egardless of whether Blakely established a `new rule of constitutional law' . . . the Supreme Court has not expressly declared Blakely to be retroactive to cases on collateral review"); Clark v. State, 903 So.2d 292, 293 (Fla. 3d DCA 2005) (holding that Blakely does not apply retroactively to cases on collateral review that became final prior to issuance of that decision); Burrows v. State, 890 So.2d 286, 286-87 (Fla. 2d DCA 2004) (holding that Apprendi and Blakely decisions do not apply retroactively on collateral review to sentences that became final prior to their issuance); McBride v. State, 884 So.2d 476, 478 (Fla. 4th DCA 2004) (holding that, like Apprendi, "Blakely does not apply retroactively to cases on collateral review"). Langford's convictions became final in 1999, pre-Blakely and pre-Apprendi. Given that his challenge is based on Blakely, which is not retroactive, the trial court did not err in rejecting this claim.
We agree with Judge Kahn's dissent in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), that applying Blakely under these circumstances would be a retroactive application. Isaac, 911 So.2d at 815-16 (Kahn, J., dissenting). Accordingly, we align ourselves with Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005), review pending, No. SC05-1341 (Fla. filed July 29, 2005), holding that Apprendi and Blakely do not apply retroactively to convictions that became final in 1999, even though resentencing took place post-Apprendi due to a scoresheet error. See Thomas v. State, 914 So.2d 27 (Fla. 4th DCA 2005) (holding that Blakely did not apply to defendant's conviction that became final in 2002, pre-Blakely but post-Apprendi, even though resentencing took place subsequently on a scoresheet error). But see Morrow v. State, 31 Fla. L. Weekly D466, ___ So.2d ___, 2006 WL 317016 (Fla. 1st DCA Feb. 13, 2006) (holding that Apprendi and Blakely applied retroactively to departure sentence that was not final at time Apprendi was decided).
*601 AFFIRMED; CONFLICT CERTIFIED.
PLEUS, C.J. and SAWAYA, J., concur.