PER CURIAM.
Affirmed. See Hoover v. State, 530 So.2d 308 (Fla.1988); Burrows v. State, 890 So.2d 286 (Fla. 2d DCA 2004), review denied, 914 So.2d 952 (Fla.2005); Campbell v. State, 884 So.2d 190 (Fla. 2d DCA 2004); Diaz v. State, 810 So.2d 1023 (Fla. 2d DCA 2002); Caraballo v. State, 805 So.2d 882 (Fla. 2d DCA 2001); Schneider v. State, 788 So.2d 1073 (Fla. 2d DCA 2001); Villavicencio v. State, 719 So.2d 322 (Fla. 3d DCA 1998).
Contrary to the holding of this court in Burrows, the First District in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), on collateral review applied the United States Supreme Court decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), retroactively to a sentence that became final before the issuance of the Blakely opinion.
As this court did in Hughes v. State, 933 So.2d 1285 (Fla. 2d DCA 2006), we certify direct conflict with Isaac.
Affirmed; conflict certified.
DAVIS, KELLY, and LaROSE, JJ., concur.