939 So.2d 251 (2006)
MAYNOR E. MONNAR, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 1D06-1923.
District Court of Appeal of Florida, First District.
Opinion filed October 16, 2006.
Maynor E. Monnar, pro se, Appellant.
Charlie Crist, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings consistent with this opinion.
In October 1997, appellant was convicted of one count of aggravated battery on a law enforcement officer and four counts of resisting an officer with violence and sentenced to 15 years and 18 days in prison. On appeal, we reversed three of the four convictions for resisting an officer with violence because all four charges arose out of a single criminal episode. Monnar v. State, 752 So. 2d 1252 (Fla. 1st DCA 2000). Appellant was resentenced in September 2000 to 88 months in prison, with the trial court assessing 40 points on appellant's guidelines scoresheet for severe victim injury.
Appellant contends that the jury never found severe victim injury and, thus, the trial court's assessment of victim injury points on his guidelines scoresheet violated his Sixth Amendment right, as explained in Apprendi v. New Jersey, 530 U.S. 466 (2000), to have all facts increasing his sentence beyond the statutory maximum found by a jury. He further alleges that without the inclusion of the victim injury points, his maximum guidelines sentence would be 37 months in prison.
Pursuant to Apprendi, the facts supporting the imposition of a sentence beyond the statutory maximum must be found beyond a reasonable doubt by a jury or admitted by the defendant. As clarified in Blakely v. Washington, 542 U.S. 296, 303 (2004), the statutory maximum is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" (emphasis in original). Therefore, under Apprendi and Blakely, appellant is entitled to a jury determination of severe victim injury when the inclusion of the points increases his sentence beyond the guidelines maximum. See Behl v. State, 898 So. 2d 217 (Fla. 2d DCA 2005) (applying the ruling in Apprendi to a trial court's assessment of victim injury points). Thus, the trial court's finding of severe victim injury, which supported the increase in appellant's guidelines sentence, violated appellant's Sixth Amendment rights.
On appeal, the state asserts that Apprendi does not apply to appellant's case because his convictions became final before Apprendi. However, in Isaac v. State, 911 So. 2d 813 (Fla. 1st DCA 2005), we held that Apprendi applies to cases, such as this one, where the defendant is resentenced after Apprendi was decided. But see Barron v. State, 31 Fla. L. Weekly D825 (Fla. 2d DCA Mar. 17, 2006) (certifying conflict with Isaac); Galindez v. State, 910 So. 2d 284 (Fla. 3d DCA) (holding Apprendi did not apply to convictions rendered prior to its issuance notwithstanding future resentencing proceedings post-Blakely, and certifying conflict with Isaac), review pending, SC05-1341 (Fla. filed July 29, 2005); Garcia v. State, 914 So. 2d 20 (Fla. 4th DCA 2005) (certifying conflict with Isaac); Langford v. State, 929 So. 2d 598 (Fla. 5th DCA 2006) (certifying conflict with Isaac). Furthermore, even though appellant was resentenced prior to Blakely, the holding of \sect fs28 Blakely applies to appellant's case because Blakely is a clarification of Apprendi. See Isaac, 911 So. 2d at 815; Morrow v. State, 31 Fla. L. Weekly D466 (Fla. 1st DCA Feb. 13, 2006). Because Apprendi and Blakely apply to appellant's case, we reverse the summary denial of appellant's motion and remand to the trial court with directions that it either resentence appellant or refute appellant's claim with record attachments.
REVERSED and REMANDED, with directions.
WEBSTER, BENTON, and VAN NORTWICK, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.