940 So.2d 1246 (2006)
Gregory A. CUTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-192.
District Court of Appeal of Florida, Second District.
November 3, 2006.
*1247 Laura Griffin, Ponte Vedra, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
We affirm Gregory A. Cutts' challenges to his sentences for two sexual battery convictions, which he contends were imposed in contravention of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Mr. Cutts was convicted and originally sentenced in March 2000. His convictions and sentences were final on March 23, 2001, when this court issued its mandate from his direct appeal. As the result of collateral postconviction proceedings, however, Mr. Cutts was resentenced in 2005. He now appeals from those sentences on the ground that they violate Blakely's proscription against enhancement of a guidelines sentence under a schemesuch as Florida's 1994 sentencing guidelineswith a maximum sentence exposure absent a departure from the guidelines. In such a case, according to the Blakely decision, enhancement is improper based upon facts found by a judge rather than a jury. See Behl v. State, 898 So.2d 217 (Fla. 2d DCA 2005) (involving a case pending on direct review when Blakely was decided).
Mr. Cutts' challenge will be successful only if Blakely is retroactively applied to the sentences that arose from his 2001 convictions, and he cites the First District's decision in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), in support of his contention. As Mr. Cutts acknowledges, however, this court has held that Blakely is not to be retroactively applied on collateral review to convictions that became final before Blakely was decided. Hughes v. State, 933 So.2d 1285 (Fla. 2d DCA 2006); Burrows v. State, 890 So.2d 286, 287 (Fla. 2d DCA 2004), review denied, 914 So.2d 952 (Fla.2005). In so holding, we have aligned ourselves with the Third, Fourth, and Fifth District Courts of Appeal. See Langford v. State, 929 So.2d 598 (Fla. 5th DCA 2006); Thomas v. State, 914 So.2d 27 (Fla. 4th DCA 2005); Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005), review granted, 925 So.2d 1030 (Fla. 2006). We also agree with Judge Kahn's observation in his dissent in Isaac that the Florida Supreme Court's "focus on finality of the conviction is very important." 911 So.2d at 816 (Kahn, J., dissenting) (citing Hughes v. State, 901 So.2d 837 (Fla.2005)).
Accordingly, we affirm the sentences imposed in 2005 for Mr. Cutts' convictions that became final in 2001. As in Barron v. State, 931 So.2d 929 (Fla. 2d DCA 2006), we certify direct conflict with the First District's decision in Isaac, 911 So.2d at 813.
STRINGER and LaROSE, JJ., Concur.