THOMAS, J.
Appellant challenges the trial court’s order denying his motion for postconviction relief. Because the trial court improperly held that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), do not apply to Appellant’s case, we reverse.
On November 13, 1988, Appellant was convicted of second-degree murder with a firearm, armed burglary with a firearm, and armed robbery with a firearm. Appellant was sentenced as an habitual felony offender to an upward departure sentence of life imprisonment on the charge of second-degree murder. This court affirmed the judgment and sentence. See McGriff v. State, 553 So.2d 232 (Fla. 1st DCA 1989).
Appellant filed a rule 3.800(a) motion to correct illegal sentence, which the trial court denied. This court affirmed in part and reversed in part, directing the trial court to reconsider the claim that because the second-degree murder conviction had been enhanced to a life felony, Appellant could not be sentenced as an habitual felony offender. See McGriff v. State, 775 So.2d 371 (Fla. 1st DCA 2000). On remand, the trial court entered an amended judgment and sentence reflecting that Appellant’s life sentence was no longer an habitual felony offender sentence. Both parties appealed the trial court’s action. McGriff v. State, 796 So.2d 1207 (Fla. 1st DCA 2001); State v. McGriff, 819 So.2d 817 (Fla. 1st DCA 2002). During the pen-dency of the appeal, Appellant filed a rule 3.800(b)(2) motion to correct sentencing errors; the trial court granted the motion *2 and vacated Appellant’s life sentence. On June 20, 2003, the trial court resentenced Appellant to life imprisonment, relying on the same reasons that were articulated by the original sentencing court to impose the upward departure.
Appellant claimed that the reasons used to support his upward departure sentence were found by a judge, which is in violation of his right to have all facts increasing his sentence beyond the statutory maximum to be found by a jury, as explained in Apprendi and Blakely. The trial court denied Appellant’s claim on the ground that Apprendi and Blakely do not apply retroactively to his 1989 conviction. This court made clear in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), however, that Apprendi and Blakely apply to cases where the defendant is resentenced after those cases were decided. This court is the only district to hold that applying Apprendi and Blakely under these circumstances does not constitute a retroactive application of those decisions. Compare Isaac, 911 So.2d at 814 (“The state’s argument that Apprendi is not retroactive is a valid statement of the law, see Hughes v. State, 826 So.2d, 1070 (Fla. 1st DCA 2002); however, as Apprendi was decided prior to appellant’s resentencing, the trial court was bound by its holding.”), with Langford v. State, 929 So.2d 598 (Fla. 5th DCA 2006) (certifying conflict with Isaac and agreeing with Judge Kahn’s dissent in Isaac that applying Blakely under these circumstances is a retroactive application of that case); Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005) (holding Apprendi does not apply retroactively to convictions rendered prior to its issuance, notwithstanding future resentencing proceedings post-Blakely, and certifying conflict with Isaac), rev. pending, SC05-1341 (Fla. July 29, 2005); Garcia v. State, 914 So.2d 29 (Fla. 4th DCA 2005) (certifying conflict with Isaac).
In the instant case, Appellant was resen-tenced on June 20, 2003, after the Supreme Court’s decision in Apprendi. Further, on June 24, 2004, while Appellant’s appeal of his new sentence was pending and not yet final, the Supreme Court decided Blakely. Because Apprendi and Blakely were decided prior to Appellant’s resentencing becoming final, Apprendi and Blakely apply to Appellant’s case.
We therefore reverse the summary denial of Appellant’s motion for postconviction relief and remand to the trial court for resentencing or to refute the claim with record attachments. We also certify conflict with Cutts v. State, 940 So.2d 1246 (Fla. 2d DCA 2006); Langford v. State, 929 So.2d 598 (Fla. 5th DCA 2006); Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005); and Garcia v. State, 914 So.2d 29 (Fla. 4th DCA 2005).
CONFLICT CERTIFIED; AFFIRMED in part, REVERSED in part, and REMANDED.
HAWKES and ROBERTS, JJ., concur.