965 So.2d 201 (2007)
Curtis Laron ROUSE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 5D06-414, 5D06-468.
District Court of Appeal of Florida, Fifth District.
August 31, 2007.
Rudolph C. Campbell, Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant *202 Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Curtis L. Rouse appeals a sentencing order entered following a resentencing proceeding conducted pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). On appeal, he contends that the trial court erred by including victim injury points on his sentencing guidelines scoresheet contrary to the holdings of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We disagree and affirm.
Following a jury trial, Mr. Rouse was convicted of second-degree murder, resulting from an incident that occurred in December 1996. In a special finding, the jury found that Mr. Rouse used a firearm in the commission of the crime. At his initial sentencing, a 1995 guidelines scoresheet was utilized, which included points for victim injury. Pursuant to Heggs, Mr. Rouse was resentenced using a 1994 sentencing guidelines scoresheet, which again included victim injury points. Unlike the earlier 1995 scoresheet, points were also added for a prior offense. Mr. Rouse then filed a timely notice of appeal. While this appeal was pending, he filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion alleged that the trial court erred by including points for a prior offense. Relying on Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), Mr. Rouse also argued that the holding of Apprendi should have applied to his resentencing, thus, precluding the inclusion of any victim injury points, as no jury finding was made on that issue. The trial court found that the points for his prior offense were appropriate and denied his Apprendi claim, relying on this Court's opinion in Langford v. State, 929 So.2d 598 (Fla. 5th DCA 2006).
Mr. Rouse contends that because the jury made no finding of victim injury, the trial court's inclusion of victim injury points on his sentencing scoresheet violated his Sixth Amendment right to have all facts increasing his sentence beyond the statutory maximum found by a jury, as explained in Apprendi, and clarified by Blakely. Apprendi instructs that any facts supporting the imposition of a sentence beyond the statutory maximum must be found beyond a reasonable doubt by a jury or admitted by the defendant. 530 U.S. at 490, 120 S.Ct. 2348. Blakely clarified that the "statutory maximum" is "not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04, 124 S.Ct. 2531.
Mr. Rouse's challenge can be successful only if Apprendi and Blakely applied to his 2006 resentencing resulting from his 1999 conviction, and cites the First District's decision in Isaac to support his contention. However, he acknowledges this Court's decision in Langford is contrary to his position. In Langford, we held that Apprendi and Blakely do not apply to cases, such as this one, when the conviction became final before Apprendi was decided, even though resentencing took place post-Apprendi due to a scoresheet error. Langford, 929 So.2d at 600. In so holding, we aligned ourselves with the Second, Third and Fourth District Courts of Appeal, and certified conflict with Isaac. See, e.g., Thomas v. State, 914 So.2d 27 (Fla. 4th DCA 2005); Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005), affirmed but criticized, 955 So.2d 517 (Fla.2007); Burrows v. State, 890 So.2d 286 (Fla. 2d DCA 2004), review denied, 914 So.2d 952 (Fla.2005).
*203 Even if Apprendi does apply, we must perform a harmless error analysis. See Galindez v. State, 955 So.2d 517 (Fla.2007). Under a harmless error analysis, we must determine if the record "demonstrates beyond a reasonable doubt that a rational jury" would have found victim injury. Id. at 523. On this record, we easily conclude that any error in not having a jury make the finding needed to assess victim injury points on the scoresheet for second degree murder was harmless. The jury's verdict demonstrates beyond a reasonable doubt that it concluded that Mr. Rouse injured the victim, resulting in the victim's death. Consequently, the inclusion of victim injury points on the scoresheet, regardless of the retroactivity of Apprendi and Blakely, was harmless. As a result, we need not certify conflict with Isaac.
Finding no merit in Mr. Rouse's remaining claim, we affirm the trial court's judgment.
AFFIRMED.
GRIFFIN and TORPY, JJ., concur.