PER CURIAM.
In this direct criminal appeal, the appellant challenges the sentence imposed upon resentencing following our decision in Bush v. State, 929 So.2d 685 (Fla. 1st DCA 2006), by which we reversed the appellant’s original sentence and remanded the case to the trial court for resentencing *549 under the 1994 sentencing guidelines. Because the upward departure sentence imposed upon resentencing was impermissible under Shull v. Dugger, 515 So.2d 748 (Fla.1987) (holding that a trial court may not impose a new departure sentence after the reasons for the original departure sentence have been reversed by an appellate court), we now reverse the sentence imposed upon resentencing and again remand this case to the trial court for resen-tencing under the 1994 sentencing guidelines. In preparing the scoresheet, victim injury points for sexual penetration should not be scored. See Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Monnar v. State, 939 So.2d 251 (Fla. 1st DCA 2006); Coggins v. State, 921 So.2d 758 (Fla. 1st DCA 2006); accord Behl v. State, 898 So.2d 217 (Fla. 2d DCA 2005); see also Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005).
REVERSED and REMANDED.
BROWNING, C.J., ALLEN and VAN NORTWICK, JJ., concur.