982 So.2d 1223 (2008)
Roger Carl MOLINE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2815.
District Court of Appeal of Florida, First District.
May 27, 2008.
Appellant, pro se.
Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The Florida Supreme Court quashed our decision in Moline v. State, 31 Fla. L. Weekly D701, 983 So.2d 1, 2006 WL 504028 (Fla. 1st DCA Mar. 3, 2006), in State v. Moline, 976 So.2d 576 (Fla.2008), and remanded the case to this court for a "thorough review of the record" and application of a harmless error analysis based upon its decision in Galindez v. State, 955 So.2d 517 (Fla.2007).
The supreme court's decision did not, however, supersede or disapprove our decision in Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), which held that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), although decided after Isaac's conviction and original sentence were final, apply to any resentencing that took place after Apprendi came down, even resentencings taking place before Blakely was decided. On this point, Isaac still controls, not as law of the case, but as governing precedent within the First District.
In Moline, the Supreme Court noted that it could not conduct a harmless error analysis because the record did not contain enough information or record attachments *1224 for a review. Similarly, this court does not possess a sufficient record to allow such an analysis. In fact, the state has filed a motion to supplement the record on appeal seeking to add materials not before the trial court, thus implicitly conceding that the existing record does not show the error to be harmless.
Consequently, we reverse the order under review and remand for the trial court to reexamine the appellant's claim in light of Galindez. Should the trial court again deny the claim, it shall attach record portions establishing that no reasonable jury could have returned a verdict with findings at odds with the facts the trial court relied on as a basis for upward departure. See Galindez, 955 So.2d at 523; Moline, 31 Fla. L. Weekly at D701, 983 So.2d at 2.
REVERSED and REMANDED with directions.
WOLF, KAHN, and BENTON, JJ., concur.