ON MOTION FOR CERTIFICATION BASED UPON CONFLICT AND/OR QUESTION OF GREAT PUBLIC IMPORTANCE
PER CURIAM.
This cause is before us on Appellee’s Motion for Certification Based Upon Conflict and/or Question of Great Public Importance. We grant Appellee’s motion, withdraw our opinion filed February 2, 2012, and substitute the following opinion in its place.
Appellant appeals the denial of a motion to correct illegal sentence filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Appellant alleges that his sentence violates his right to have a jury determine all facts necessary to impose his upward departure sentences. For the reasons discussed below, we reverse and remand for further proceedings.
Appellant was convicted of sexual battery with a deadly weapon, attempted first degree murder, armed robbery, and causing bodily injury during the commission of a felony. On April 30, 2002, Appellant was resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000) (invalidating the 1995 guidelines and permitting defendants sentenced thereunder to seek resentencing under the 1994 guidelines). The trial court imposed upward departure sentences of life imprisonment on each count based on its findings that (1) the offenses were committed in an especially heinous, atrocious or cruel manner, and (2) the victim suffered extraordinary physical or emotional trauma, or permanent physical injury, or was treated with particular cruelty. The 1994 scoresheet called for a maximum sentence of 20.9 years’ imprisonment.
In February 2007, Appellant filed the instant motion for postconviction relief. Appellant asserted that his upward departure sentences violated his right under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to have a jury determine all facts that increase his sentence beyond the statutory maximum. Relying on Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005), Appellant also claimed that Apprendi applies to his case because he was resentenced after Appren-di was decided. He alleges that without the trial courts findings in support of the upward departure, his maximum sentence would have been 20.9 years’ imprisonment under the guidelines.
Under Apprendi, the facts supporting the imposition of a sentence beyond the statutory maximum must be found beyond a reasonable doubt by a jury or admitted by the defendant. As clarified in Blakely v.Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the statutory maximum is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury *3 verdict or admitted by the defendant. (Emphasis in original.) Thus, under both Apprendi and Blakely, Appellant is entitled to a jury determination of any fact that increased his sentence beyond the guidelines maximum, which in this case is 20.9 years.
In Isaac, this court held that although Apprendi does not apply retroactively, Apprendi and Blakely apply to a defendant who is resentenced after Ap-prendi became final but before Blakely was decided. 911 So.2d at 815; but see Garcia v. State, 914 So.2d 29 (Fla. 4th DCA 2005) (certifying conflict with Isaac). In the instant case, Appellants sentence became final after Apprendi but before Blakely; thus, Apprendi applies to Appellant’s case because it was decided prior to Appellants resentencing. As noted above, under Apprendi, the facts supporting the imposition of an upward departure sentence must either be found beyond a reasonable doubt by a jury or admitted by the defendant; here, the findings supporting Appellants upward departure sentence were made by the trial court.
This court granted a stay in this case because the Florida Supreme Court had decided to review this court’s decision in Isaac. In February 2011, the supreme court issued a decision in State v. Fleming, 61 So.3d 399 (Fla.2011), which held that Apprendi and Blakely apply to all de novo resentencings that were not final when those decisions issued, regardless of when the conviction or original sentence was final. On June 16, 2011, the supreme court discharged jurisdiction in Isaac based upon its determination that the conflict had been resolved.[1] Thus, this court’s decision in Isaac is still good law in this jurisdiction. If the failure to follow the dictates of Apprendi and Blakely is harmless error, however, then Appellant is not entitled to relief. See Galindez v. State, 955 So.2d 517 (Fla.2007) (holding that any Apprendi or Blakely error is subject to a harmless error analysis). The record before this court is insufficient to conduct such an analysis.
Therefore, we reverse the denial of Appellant’s motion to correct illegal sentence and remand for the trial court to attach portions of the record conclusively refuting Appellant’s claim or to conduct further proceedings according to Galindez. Cf. Johnson v. State, 18 So.3d 697 (Fla. 1st DCA 2009) (remanding for harmless error analysis pursuant to Galindez). We certify the following question as one of great public importance:
DO BLAKELY V. WASHINGTON, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), AND APPRENDI V. NEW JERSEY, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), APPLY RETROACTIVELY IN THE CONTEXT OF A SENTENCING WHERE THE RESENTENCING OCCURRED AND BECAME FINAL AFTER APPREN-DI WAS DECIDED, BUT BEFORE BLAKELY WAS ISSUED?
REVERSED and REMANDED with instructions consistent with this opinion; QUESTION CERTIFIED.
THOMAS, ROBERTS, and MARSTILLER, JJ., concur.

. Fleming involved a case where the conviction was final before Apprendi issued, but the resentencing was not final when Blakely issued. It did not answer the question of whether Blakely applies to a resentencing which took place after Apprendi was final but before Blakely issued.