981 So.2d 615 (2008)
Jason HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-664.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
*616 Jason Hamilton, South Bay, pro se.
No appearance required for appellee.
KLEIN, J.
In an earlier appeal to this court appellant argued that his sentence, which was increased by the judge, not the jury, for severe victim injury, death and using a firearm, violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Appellant, however, had been convicted and sentenced before Apprendi, and was resentenced following a reversal of his sentence on direct appeal, after Apprendi was decided. We concluded that applying Apprendi to the resentencing would be applying Apprendi retroactively, which was contrary to Hughes v. State, 901 So.2d 837 (Fla.2005). We accordingly affirmed, Hamilton v. State, 914 So.2d 993 (Fla. 4th DCA 2005), but certified direct conflict with Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005).
In Galindez v. State, 955 So.2d 517 (Fla. 2007), the Florida Supreme Court had the opportunity to resolve the conflict on whether Apprendi would apply to a resentencing, where the conviction and original sentence occurred before Apprendi, but the court declined to do so. Instead it concluded that if there was an Apprendi error in Galindez, the error was harmless. Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (sentencing errors under Apprendi and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) can be harmless). Following Galindez the Florida Supreme Court granted review in this case, quashed our decision, and remanded for us to do a harmless error analysis.
Appellant was found guilty by a jury of manslaughter with a firearm, and the court increased his sentence by adding points for severe victim injuries because three other people were injured during the incident. The court also added points for the death and for the use of a firearm. Considering that the jury found appellant guilty of manslaughter with a firearm, we conclude that the increase in the sentence for the death and the use of a firearm is harmless error.
We are unable, on this record, to determine whether the error in increasing his sentence for severe victim injuries is harmless, and we accordingly remand to the trial court for attachment of the appropriate portions of the record which will enable us to determine whether the assessment of severe victim injury points for the manslaughter conviction is harmless. Affirmed in part and reversed in part.
WARNER and GROSS, JJ., concur.