989 So.2d 732 (2008)
Mark D. MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1390.
District Court of Appeal of Florida, First District.
September 4, 2008.
*733 Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.

CORRECTED OPINION ON REMAND
BROWNING, C.J.
There was error in imposing Appellant's departure sentence for reasons neither pled nor found by the jury beyond a reasonable doubt. See Isaac v. State, 911 So.2d 813 (Fla. 1st DCA 2005). Because this error was not harmless, we reverse, and remand for Appellant's release from custody.
Appellant was charged with second-degree murder "by striking and kicking [the victim] in the head, face, and body," with an offense date of January 18, 1997; no further details were listed on the information. A jury found Appellant guilty of manslaughter; no specific facts were listed on the verdict form. Appellant's recommended sentencing range was from 111 to 185 months of incarceration. Appellant was sentenced to 185 months of incarceration, and his sentence became final thirty days later, on July 25, 1997.
In 2000, Appellant filed a motion to correct his illegal sentence under Heggs v. State, 759 So.2d 620 (Fla.2000). He attached a 1994 sentencing guidelines scoresheet, showing his sentencing range as 55.5 to 92.5 months of incarceration. At the July 2000 hearing, the trial court agreed to impose an upward departure sentence on the ground that the crime, a beating causing death, involved extraordinary physical trauma. The judge reasoned as support that the victim was "stomped and beaten" so as to cause "22 discrete blunt force injuries," which bled, indicating the victim did not die instantly and that it took more than "30 seconds." These findings are supported by trial testimony. However, there was also testimony at trial from Jay Laird, an eyewitness and the victim's roommate, who said Appellant stomped on the victim for eight to ten *734 minutes, but the victim "had been killed within 30 seconds." And Appellant's statement to the police, played from audiotape into the record, noted in part that he only knocked the victim down and "gave him two or three pretty good shots."
On July 7, 2000, Appellant was resentenced to 180 months (15 years) of incarceration. On appeal, this Court affirmed the resentencing, by a per curiam affirmance with a citation to Harvey v. State, 786 So.2d 595 (Fla. 1st DCA 2001) (Harvey I).[1]See Mills v. State, 791 So.2d 591 (Fla. 1st DCA 2001). However, the sentence did not become final, but was reviewed by the Florida Supreme Court, which quashed this Court's opinion and remanded for consideration in light of Harvey v. State, 848 So.2d 1060 (Fla.2003) (Harvey II).[2]See Mills v. State, 880 So.2d 616 (Fla.2004).
On remand, the trial court corrected a clerical error (changing the notation that Appellant entered a plea to reflect that he had been tried and found guilty), then said, "there is no further judicial labor left for me to, to do because I did it." On appeal, this Court then reversed and remanded the trial court's 2000 resentencing, with a citation to Isaac, and certified conflict with Galindez v. State, 910 So.2d 284 (Fla. 3d DCA 2005). See Mills v. State, 31 Fla. L. Weekly D2476, ___ So.2d ___, 2006 WL 2805144 (Fla. 1st DCA Oct. 3, 2006). Thereupon, the State sought review before the supreme court, which quashed this Court's opinion and remanded to this Court for application of a "harmless error" analysis under Galindez. See State v. Mills, 976 So.2d 578 (Fla.2008).
We now hold that the error was not harmless because a reasonable jury might have chosen to disbelieve the doctor's testimony, and to believe Appellant's statement to the police and the testimony of Laird. For this reason, under Galindez, the 2000 resentencing to a departure sentence must be reversed, and resentencing would necessarily be within the sentencing guidelines range. Because the 1994 sentencing guidelines range for Appellant is from 55.5 to 92.5 months, and 92.5 months from the time Appellant was first sentenced would have elapsed by early 2005, we remand for Appellant to be released immediately from incarceration.
REVERSED and REMANDED for immediate release.
BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] Harvey held that a Heggs-based argument could not be raised on appeal because it had not been preserved either by contemporaneous objection or by rule 3.800(b) motion.
[2] Harvey II reversed Harvey I, holding that a Heggs error could be argued on appeal despite not having been preserved by contemporaneous objection or rule 3.800(b) motion because the Heggs decision was released after the first brief in Harvey's appeal was filed.