IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES R. MITCHELL,

     Appellant,

v.                              CASE NO. 1D07-1715

STATE OF FLORIDA,

     Appellee.
_____/

Opinion filed July 21, 2014.

An appeal from the Circuit Court for Duval County.
Michael R. Weatherby, Judge.

James R. Mitchell, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Christine Ann Guard, Assistant Attorney
General, Tallahassee, for Appellee.


ON REMAND FROM THE FLORIDA SUPREME COURT
FOR RECONSIDERATION IN LIGHT OF
STATE V. JOHNSON, 122 So. 3d 856 (FLA. 2013)

THOMAS, J.

Based on the Florida Supreme Court's recent decision in State v. Mitchell,

2014 WL 2601466 (Fla. June 10, 2014), which quashed this court's decision in

Mitchell v. State, 37 Fla. L. Weekly D708 (Fla. 1st DCA March 22, 2012), we

withdraw our previously-entered opinion. We hereby affirm the trial court's order denying Appellant's motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a), as the supreme court has now held that Blakely v. Washington, 542 U.S. 296 (2004), is not retroactive to sentences that were final after the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), was announced but before Blakely was decided. State v. Johnson, 122 So. 3d 856 (Fla. 2013)

Appellant's sentence "became final after Apprendi but before Blakely" was decided. Mitchell, 37 Fla. L. Weekly at D708. We reversed and remanded the trial court's order denying relief, as this court had previously held that Blakely did not announce a new rule of law, but merely "clarified" the decision in Apprendi, and was thus retroactive and applicable to sentences, such as Appellant's, which were legally revisited after Apprendi, but before Blakely was announced. Id. Acknowledging a conflict with the Fourth District's decision in Garcia v. State, 914 So. 2d 29 (Fla. 4th DCA 2005), which certified conflict with Issac, we certified a question of great public importance, to wit:

> Do Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), apply retroactively in the context of a sentencing where the resentencing occurred and became final after Apprendi was decided, but before Blakely was issued?

On June 9, 2014, the Florida Supreme Court determined that "it should accept jurisdiction in this case. . . . [t]he First District Court of Appeal's decision in

2

this case is quashed, and this matter is remanded for reconsideration upon application of our decision in State v. Johnson, 122 So. 3d 856 (Fla. 2013)." As the Florida Supreme Court has now made clear in Johnson, the decision by the United States Supreme Court in Blakely is considered to have announced a new rule, not a clarification of Apprendi. Thus, under the criteria established more than thirty years ago in Witt v. State, 387 So. 2d 922, 925 (Fla. 1980), the supreme court has decided the rule is not retroactive, as Blakely cannot be considered a "jurisprudential upheaval." Johnson, 122 So. 2d at 863. In fact, in Johnson, the supreme court stated that "[b]ecause Blakely estatablished a new rule, we necessarily reject the First District's contrary conclusion expressed in Issac -- and applied in this case -- that Blakely 'clarified' Apprendi and applies retroactively." Id. at 862. The supreme court then described Issac as a "conclusory decision (that) could effectively open the floodgates for postconviction claims any time a court interprets a criminal statute or comments on its own decisional law." Id. at 863.

Thus, Appellant is not entitled to any further review of his claim that the upward departure sentence imposed on him violates his Sixth Amendment right to a jury to consider whether the factors supporting the upward departure are present beyond a reasonable doubt. Because Appellant was sentenced within the "statutory maximum" under the State's sentencing guidelines, i.e., the maximum statutory term defined by the Legislature, his sentences, including his sentence of

3

life in prison, for the offenses of sexual battery with a deadly weapon, attempted first-degree murder, armed robbery, and causing bodily injury during the commission of a felony, which are upward departures of the recommended guideline sentences, are not subject to collateral attack on the basis of Blakely or Apprendi.

We AFFIRM the trial court's order denying Appellant relief under the authority of State v. Johnson, 122 So. 3d 856 (Fla. 2013), as our prior decision in Issac is no longer good law.

ROBERTS and MARSTILLER, JJ., CONCUR.

4